United States District Court
Southern District of Texas
**ENTERED**
May 24, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OGOCHUKWO J. OKWO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-21-4063 |
| | § | |
| HOUSTON METHODIST THE WOODLANDS, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Ogochukwo J. Okwo applied for a job with Houston Methodist The Woodlands Hospital and received a conditional offer of employment. The conditions included a background check. Houston Methodist withdrew that offer when a background report it obtained from PreCheck, Inc. reported that Okwo had a criminal record.

Okwo sued PreCheck and Houston Methodist, representing himself. He alleges that they violated several provisions of the Fair Credit Reporting Act, including 15 U.S.C. § 1681d (Count I), 15 U.S.C. § 1681e and § 1681k(a) (Count II), 15 U.S.C. § 1681i(a)(1), (7) (Counts III and IV), 15 U.S.C. § 1681h (Count V), 15 U.S.C. § 1681n (Count VI), and 15 U.S.C. § 1681o (Count VII). Okwo also sued PreCheck for libel under Section 73.001 of the Texas Civil Practice and Remedies Code (Count VIII) and both PreCheck and Houston Methodist for withdrawing, or causing the withdraw of, the employment offer based on Okwo's race and Nigerian national origin (Count IX). Okwo seeks back pay, reinstatement or front pay in lieu of reinstatement, and what he labels as compensatory and punitive damages of $300,000, nominal, compensatory and exemplary damages, and court costs. (Docket Entry No. 1 at ¶¶ 18.1–18.6).

Houston Methodist moved to dismiss all the claims against it, and PreCheck answered and moved to dismiss the claims under § 1681h(e), 15 U.S.C. § 1681n, and Title VII. (Docket Entry Nos. 11, 14). Okwo has responded to Houston Methodist's motion to dismiss, and Houston Methodist has replied. (Docket Entry Nos. 18, 20).

After careful consideration of the pleadings, the parties' arguments, and the applicable law, the court grants Houston Methodist's motion to dismiss and PreCheck's motion for partial dismissal. No claims remain against Houston Methodist. The claims in Counts II, III, IV, V, VII, and VIII remain against PreCheck. The dismissals are without prejudice and with leave to amend. Okwo may file an amended complaint no later than **June 20, 2022**. The initial pretrial conference is rescheduled for **July 22, 2022**, at 10:30 a.m. C.D.T. by video. A zoom link will be separately sent.

The reasons are explained below.

I.  **Background**[1]

On November 2, 2020, Ogochukwo J. Okwo received a conditional offer from Houston Methodist for a medical technologist position that would start on November 30, 2020. (Docket Entry No. 1 at ¶¶ 3.1, 5.1). One of the conditions for the offer was the "successful completion of a criminal and education background check." (*Id.* at ¶ 3.1). Okwo authorized Houston Methodist to conduct the background check through PreCheck, Inc., a records search provider, and answered several questions representing that he had "never been convicted of, pled guilty, no contest, or nolo contendere to a misdemeanor or felony within the applicable statutory period." (*Id.* at ¶¶ 3.1, 4.2, 4.3).

---

[1] Because the defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), this court accepts as true the complaint's factual allegations. *Ashcroft v. al-Kidd*, 563 U.S. 731, 734 (2011).

PreCheck used personal identifiers such as Okwo's full name, physical address, social security number, and Texas driver's license number to search public record sources and verify Okwo's answers relating to his criminal background. (*Id.* at ¶ 5.3). PreCheck located Cause No. 1593301 relating to Okwo and included the information in a written report to Houston Methodist. (*Id.*).

Cause No. 1593301, filed on June 4, 2018, was titled "Felony Charge: Assault Family Violence-2nd Offender," and stated in relevant part:

> IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:
>
> Before me, the undersigned Assistant District Attorney of Harris County, Texas, this day appeared the undersigned affiant, who under oath says that he has good reason to believe and does believe that in Harris County, Texas, OGOCHUKWU J OKWO, . . . on or about August 5, 2017, did then and there unlawfully, intentionally, and knowingly cause bodily injury to Mellodiemolly Gibson-Okwi . . . a member of the Defendant's family, by throwing liquid bleach into the Complainant's face and eyes.
>
> It is further presented that before the commission alleged above, the Defendant, on February 8, 2010, in the County Criminal Court at Law No. 5 of Harris County, Texas, in Cause No. 1636879, was convicted of Assault-Family Member which was committed against a member of the Defendant's family.

(*Id.* at ¶ 6.1.1). The final disposition of Cause No. 1593301 was "dismissed." (*Id.* at ¶ 6.1.5). PreCheck searched for a record of any punishment and found none, but it noted on the report to Houston Methodist "that a lack of identifiers on either the sanctions record or provided by [the] applicant may result in PreCheck reporting 'No Sanctions or Matches Found.'" (*Id.* at ¶ 6.1).

On November 20, 2020, Houston Methodist sent an email to Okwo warning him that it might take adverse action on his application based on information in the PreCheck report. (*Id.* at

3

¶ 7.1). On December 16, 2020, Houston Methodist emailed Okwo the following adverse action notification:

> Based in whole or in part on information contained in that consumer report, we have denied your application for employment, are not promoting you, are terminating your employment, or are withdrawing your conditional offer of employment.

(*Id.*). Okwo emailed back to PreCheck and Houston Methodist that the incidents in the PreCheck report were not convictions based on trials, guilty pleas, pleas of no contest, or pleas of nolo contendere. (*Id.*). PreCheck responded to Okwo by email on February 10, 2021, that its report accurately reflected that the charge was "dismissed." (*Id.*). On February 22, 2021, Okwo sent a request by priority mail to PreCheck for a copy of the "reinvestigation procedure used to determine the accuracy and completeness of the information" in the PreCheck report. He alleges that he received nothing in response to his request. (*Id.* at ¶ 7.4).

Okwo alleges that in July 2021, he discovered that Houston Methodist had received an incorrect PreCheck report that had listed Cause No. 1593301 as a felony conviction instead of as dismissed, and that the reported felony conviction caused Houston Methodist to rescind Okwo's offer of employment. (*Id.* at ¶ 7.5).

## II.     The Legal Standard

"The filings of a *pro se* litigant are to be liberally construed, . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (emphasis and alterations in original) (citation and internal quotation marks omitted). But "pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam) (citation omitted).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial

5

notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

## III. Analysis

### A. Count I

Okwo alleges that PreCheck and Houston Methodist violated 15 U.S.C. § 1681d of the Fair Credit Reporting Act by failing to verify public record information in a consumer investigative report. Section 1681d(a) of the Fair Credit Reporting Act provides:

> A person may not procure or cause to be prepared an **investigative consumer report** on any consumer unless--
>
> (1) it is clearly and accurately disclosed to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure (A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and (B) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section 1681g(c) of this title; and
>
> (2) the person certifies or has certified to the consumer reporting agency that--
>
>> (A) the person has made the disclosures to the consumer required by paragraph (1); and
>>
>> (B) the person will comply with subsection (b).

15 U.S.C. § 1681d(a) (emphasis added). Houston Methodist argues that Okwo has not pleaded a claim under this section because he has not alleged facts that he was subject to an "investigative consumer report." Okwo responds that he meets the requirements of § 1681d because Houston

6

Methodist and PreCheck notified him that he may be subject to a "consumer report" or an "investigative consumer report." (Docket Entry No. 18 at 3).

Under the Act,

> [t]he term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—
>
> (A) credit or insurance to be used primarily for personal, family, or household purposes;
>
> (B) employment purposes; or
>
> (C) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1).

> The term "investigative consumer report" means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information. However, such information shall not include specific factual information on a consumer's credit record obtained directly from a creditor of the consumer or from a consumer reporting agency when such information was obtained directly from a creditor of the consumer or from the consumer.

15 U.S.C. § 1681a(e).

Houston Methodist is correct that Okwo has not alleged that PreCheck, or Houston Methodist through PreCheck, conducted an investigative consumer report. Okwo alleges that PreCheck searched public records to compile a consumer report but does not allege that any "personal interviews" were conducted with "neighbors, friends or associates," as required for a report to be "investigative" under the Act. (*See* Docket Entry No. 1 at ¶ 6.1).

7

Because Okwo has not pleaded facts showing that PreCheck performed an "investigative consumer report" within the meaning of the Act, Count I is dismissed as to both Houston Methodist and PreCheck, with leave to replead.

**B.     Count II**

Okwo alleges that PreCheck and Houston Methodist violated 15 U.S.C. § 1681e and § 1681k(a) of the Fair Credit Reporting Act by failing to establish and follow reasonable procedures to assure maximum accuracy of public information in the PreCheck report and by failing to maintain strict procedures to ensure that adverse public record information contained in the report was complete and up to date.

Under § 1681e,

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b). Under § 1681k,

> A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall--
>
>> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
>>
>> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and

> outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

15 U.S.C. § 1681k(a).

Under the Act, "consumer reporting agency" means

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

Houston Methodist argues that Okwo cannot state a claim against it under 15 U.S.C. § 1681e or § 1681k because it is not a consumer reporting agency. Okwo admits that he has not pleaded that Houston Methodist is a "consumer reporting agency," but he argues that he alleged that Houston Methodist was a "user of a consumer report." (Docket Entry No. 18 at 4).

Sections 1681e and 1681k are clear that they apply to the acts of consumer reporting agencies, not users of the report. Okwo has failed to state a claim against Houston Methodist under Count II. The claim is dismissed, with leave to replead.

### C. Counts III and IV

Okwo alleges that PreCheck and Houston Methodist violated 15 U.S.C. § 1681i of the Fair Credit Reporting Act for failing to conduct a reinvestigation to determine whether the disputed information in the report was inaccurate and by failing to provide Okwo with a description of the reinvestigation procedure no later than 15 days after he requested one.

15 U.S.C. § 1681i provides, in part:

> (1) Reinvestigation required

9

> (A) In general
>
> Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.
>
> . . .
>
> (6) Notice of results of reinvestigation
>
> (A) In general
>
> A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency.
>
> . . .
>
> (7) Description of reinvestigation procedure
>
> A consumer reporting agency shall provide to a consumer a description referred to in paragraph (6)(B)(iii) by not later than 15 days after receiving a request from the consumer for that description.

15 U.S.C. § 1681i(a).

Again, it is clear that § 1681i applies to consumer reporting agencies. For the reasons described earlier, Houston Methodist is not a consumer reporting agency, nor does Okwo claim it to be. In his response, Okwo voluntarily withdraws Counts III and IV against Houston Methodist.

Okwo alleges that PreCheck and Houston Methodist owe damages to Okwo under 15 U.S.C. § 1681n of the Fair Credit Reporting Act for failure to comply with the Act's requirements.

15 U.S.C. § 1681n states in part that

> [a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—
>
> > (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
> >
> > (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
> >
> > (2) such amount of punitive damages as the court may allow; and
> >
> > (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681n(a). Houston Methodist argues that Okwo has not alleged facts to support an inference that Houston Methodist acted willfully. The Supreme Court has defined willfulness under the Fair Credit Reporting Act as encompassing violations of the Act done knowingly and with reckless disregard. Further,

> a company subject to the [Act] does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007). Okwo argues that he has pleaded facts showing that Houston Methodist acted willfully because after he put Houston Methodist on notice

12

that he was not a convicted felon, Houston Methodist allegedly continued to reference Okwo as a felon and failed to conduct an independent inquiry.

But Okwo has not identified the "requirement" under the Act that Houston Methodist failed to comply with. Okwo has not stated a claim against Houston Methodist for a willful violation, because he has not pleaded facts that a violation occurred in the first instance. Okwo's claim under 15 U.S.C. § 1681n against Houston Methodist is dismissed, with leave to replead.

As to PreCheck, accepting the allegations as true that it incorrectly reported that Okwo had a felony on its background report, and failed to follow proper reinvestigation procedures, Okwo has not made additional allegations that PreCheck violated requirements of the act knowingly or in reckless disregard. Okwo's claim under 15 U.S.C. § 1681n against PreCheck is also dismissed, with leave to replead.

### F. Count VII

Okwo alleges that PreCheck and Houston Methodist owe damages to Okwo under 15 U.S.C. § 1681o for failure to comply with the requirements of the Fair Credit Reporting Act.

15 U.S.C. § 1681o states in part that

> [a]ny person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of--
>
> > (1) any actual damages sustained by the consumer as a result of the failure; and
>
> > (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681o(a). Okwo admits in his response that he has not pleaded that Houston Methodist committed a "negligent" violation at this time and seeks to withdraw this claim. The claim against Houston Methodist under 15 U.S.C. § 1681o is dismissed as voluntarily withdrawn.

### G. Count VIII

PreCheck has not moved to dismiss Okwo's claim that it libeled Okwo when it allegedly reported to Houston Methodist that Okwo was a felon. The claim under § 73.001 of the Texas Civil Practice and Remedies Code against PreCheck remains.

### H. Count IX

Okwo alleges that PreCheck and Houston Methodist violated Title VII of the Civil Rights Act of 1964 by withdrawing, or causing the withdraw of, the employment offer on the basis of Okwo's race and Nigerian national origin.

Okwo's allegations that he was discriminated against are scant. He alleges that

> [o]n or about August 22, 2020, I applied for an open position with [Houston Methodist's] Woodlands location (58534) for which I was qualified. I received a conditional job offer, contingent upon the completion of a background check.
>
> [Houston Methodist] uses PreCheck, a third party vendor to conduct background investigations of applicants. On 11/20/2020 I received notice that [Houston Methodist] was going to rescind my job offer based on PreChecks report of my background investigation. I provided documents to both [Houston Methodist] and PreCheck disputing their findings. I also followed the identified background appeal process to no avail. On December 16, 2020, [Houston Methodist] rescinded my offer of employment. [Houston Methodist] made no attempt to conduct an individualized assessment or independent background investigation and, instead, relied on false and inaccurate information to withdraw my offer of employment.
>
> I believe that I have been discriminated against because of my Race and Color – Black and national origin – Nigerian in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

14

(Docket Entry No. 1 at ¶ 8.1).

Okwo has not pleaded direct evidence that he was discriminated against on the basis of race, color, or national origin. To state a prima facie case of discrimination using circumstantial evidence, Okwo must demonstrate that he: (1) is a member of a protected class, (2) was qualified and applied for the job; (3) the employer rejected him for the job despite his qualifications; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

Okwo has not alleged that he was treated less favorably than someone outside his protected group. Okwo has failed to state a claim for discrimination against Houston Methodist and Precheck. Okwo's Title VII claims are dismissed as to both Houston Methodist and PreCheck, with leave to replead.

## IV.  Conclusion

Houston Methodist's motion to dismiss, (Docket Entry No. 11), and PreCheck's motion for partial dismissal, (Docket Entry No. 14), are granted. No claims remain against Houston Methodist. Counts II, III, IV, V, VII, and VIII remain against PreCheck. The dismissals are without prejudice and with leave to amend. Okwo's motion for leave to amend his original complaint, (Docket Entry No. 24), is moot. Okwo may file an amended complaint no later than **June 20, 2022**. The initial pretrial conference is rescheduled for **July 22, 2022**, at 10:30 a.m. C.D.T. by video. A zoom link will be separately sent.

SIGNED on May 24, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge